IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

DANIEL S. OHNOUNA,

                Plaintiff,

-v-

DIVERSIFIED ADJUSTMENT SERVICE, INC.

                Defendant.

---

Civil Action No.:

**COMPLAINT**

Plaintiff DANIEL S. OHNOUNA (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant DIVERSIFIED ADJUSTMENT SERVICE, INC. (hereinafter "DASI" or "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action on behalf of himself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant has its principal office at 600 Coon Rapids Blvd., Coon Rapids, MN 55433.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt.

12. On or about March 3, 2014, the Plaintiff called the Defendant to dispute the alleged debt. When the Plaintiff stated that he wanted to dispute the debt, the Defendant refused to accept Plaintiff's dispute.

13. The Plaintiff attempted to clarify that he did not recall owing the alleged debt and therefore wanted to dispute same.

14. The Defendant stated he would save the Plaintiff time by not accepting his dispute over the telephone because if he, the Defendant, contacted the original creditor they would

require proof that the Plaintiff paid the debt in order to accept the dispute.

15. Upon information and belief, the Defendant failed to mark the account as disputed and failed to notify the original creditor and the credit bureaus that the account should be marked as disputed.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violations of the Federal Debt Collections Practice Act

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 U.S.C. § 1692f of the FDCPA.

18. Pursuant to 15 USC §1692f, it is a violation of the FDCPA if the debt collector uses unfair or unconscionable means to collect any debt.

19. The Defendant used an unfair and unconscionable means of collecting a debt by not allowing the Plaintiff to dispute the debt in a phone conversation.

20. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

21. A declaration that the Defendant's practices violated the FDCPA;

22. For actual and statutory damages provided and pursuant to:

    a.  15 U.S.C. § 1692k(a)(1);

    b.  15 U.S.C. § 1692(2)(A);

23. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

24. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

# JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: May 28, 2014

By:/s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
LAW OFFICE OF ALAN J. SASSON, P.C.
1669 East 12th Street, 2nd Floor
Brooklyn, New York 11229
Phone:    (718) 339-0856
Facsimile: (347) 244-7178

Attorney for Plaintiff